# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MAXUM INDEMNITY COMPANY, | § § | |
| *Plaintiff*, | § § | Civil Action No. 4:18-cv-1802 |
| v. | § § | |
| J. GUSTAVO CAMPUZANO, JOSE L. CAMPUZANO, AND JOSE MENDEZ, | § § § § | |
| *Defendants*. | § § | |

## **DEFENDANT JOSE MENDEZ'S ORIGINAL ANSWER**

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, JOSE MENDEZ, hereinafter called Defendant, and file this Answer to Plaintiff's Complaint, and would show unto the Court the following:

### A. ADMISSIONS AND DENIALS

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each correspondent paragraph of the Plaintiffs' Complaint as follows:

### I.

### PLAINTIFFS' SUMMARY

To the extent necessary, Defendant denies the allegations contained within the initial summary section of Plaintiff's Original Complaint.

### II.

### PLAINTIFF'S NATURE OF SUIT

1. Defendant admits he has a third-party claim filed against J. Gustavo Campuzano, Jose L. Campuzano and Benjamin SanJuan.

2. Defendant is without knowledge to admit or deny paragraph 2.

3. Defendant is without knowledge to admit or deny paragraph 3.

4. Defendant is without knowledge to admit or deny paragraph 4.

5. Defendant admits he resides in Houston, Harris County Texas.

PLAINTIFF'S ALLEGATIONS FOR JURISDICTION AND VENUE

6. Defendant admit that Defendant is a citizen of Texas. Defendant is without knowledge to admit or deny the remainder of paragraph 6.

7. Defendant admits the events giving rise to his third-party action occurred in Houston, Harris County, Texas.

III.

PLAINTIFFS' FACTUAL ALLEGATIONS

8. Defendant is without knowledge to admit or deny the remainder of paragraph 8.

9. Defendant admits he brought a lawsuit against the other Defendants to this case in the cause number set forth in Paragraph 9 of the Plaintiff's complaint.

10. Defendant admits summary of allegations set forth in paragraph 10 to the extent it references other pleadings in the underlying suit, which may be amended in said underlying suit. To the extent the allegations in Paragraph 10 do not

accurately represent the full content and context of the Petition, or to the extent the pleadings in the underlying suit may be amended Defendant denies the allegations.

11. Defendant admits summary of allegations set forth in paragraph 11 to the extent it references other pleadings in the underlying suit, which may be amended in said underlying suit. To the extent the allegations in Paragraph 11 do not accurately represent the full content and context of the Petition, or to the extent the pleadings in the underlying suit may be amended, Defendant denies the allegations.

12. Defendant admits summary of allegations set forth in paragraph 12 to the extent it references other pleadings in the underlying suit, which may be amended in said underlying suit. To the extent the allegations in Paragraph 12 do not accurately represent the full content and context of the Petition, or to the extent the pleadings in the underlying suit may be amended, Defendant denies the allegations.

13. Defendant notes that to the extent the allegations in Paragraph 13 purport to quote and describe the content of Maxum issued policy number BDG-3006584-02 ("the Policy"), the Policy itself is the best source of its full content and context. Subject to this limitation, the Defendant admits that the Policy in question may or may not contain the stated language, as no citation to the Policy is given in Plaintiff's complaint.

14. Defendant denies the allegations in Paragraph 14 because and to the extent they are conclusions of law.

15. Defendant notes that to the extent the allegations in Paragraph 15 purport to quote and describe the content of Maxum issued policy number BDG-3006584-02 ("the Policy"), the Policy itself is the best source of its full content and context. Subject to this limitation, the Defendant admits that the Policy in question may or may not contain the stated language, as no citation to the Policy is given in Plaintiff's complaint. Defendant denies the remainder of allegations in Paragraph 15 because and to the extent they are conclusions of law.

16. Defendant notes that to the extent the allegations in Paragraph 16 purport to quote and describe the content of Maxum issued policy number BDG-3006584-02 ("the Policy"), the Policy itself is the best source of its full content and context. Subject to this limitation, the Defendant admits that the Policy in question may or may not contain the stated language, as no citation to the Policy is given in Plaintiff's complaint.

17. Defendant denies the allegations in Paragraph 17 because and to the extent they are conclusions of law.

18. Defendant notes that to the extent the allegations in Paragraph 18 purport to quote and describe the content of Maxum issued policy number BDG-3006584-02 ("the Policy"), the Policy itself is the best source of its full content and context. Subject to this limitation, the Defendant admits that the Policy in question may or may not contain the stated language, as no citation to the Policy is given in

Plaintiff's complaint. To the extent the allegations in Paragraph 18 do not accurately represent the Policy's full content and context, Defendant denies the allegations. Defendant denies the remainder of the allegations in Paragraph 18 as legal conclusions rather than statements of fact.

19. Defendant admits summary of allegations set forth in paragraph 19 to the extent it references other pleadings in the underlying suit, which may be amended in said underlying suit. To the extent the allegations in Paragraph 19 do not accurately represent the full content and context of the Petition, or to the extent the pleadings in the underlying suit may be amended, Defendant denies the allegations. Defendant denies Plaintiff's allegations pertaining to coverage in paragraph 19 as a conclusion of law.

20. Defendant denies Plaintiff's allegations pertaining to coverage in paragraph 20 as a conclusion of law.

21. Defendant denies the allegations in paragraph 21, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

22. Defendant denies the allegations in paragraph 21, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

23. Defendant notes that to the extent the allegations in Paragraph 21 purport to quote and describe the content of Maxum issued policy number BDG-3006584-02 ("the Policy"), the Policy itself is the best source of its full content and

context. Subject to this limitation, the Defendant admits that the Policy in question may or may not contain the stated language, as no citation to the Policy is given in Plaintiff's complaint. Defendant denies the allegations in paragraph 23, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

24. Defendant denies the allegations in paragraph 24, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

25. Defendant denies the allegations in paragraph 25, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

26. Defendant notes that to the extent the allegations in Paragraph 26 purport to quote and describe the content of Maxum issued policy number BDG-3006584-02 ("the Policy"), the Policy itself is the best source of its full content and context. Subject to this limitation, the Defendant admits that the Policy in question may or may not contain the stated language, as no citation to the Policy is given in Plaintiff's complaint. Defendant denies the allegations in paragraph 26, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

27. Defendant denies the allegations in paragraph 27, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

28. Defendant denies the allegations in paragraph 28, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

29. Defendant notes that to the extent the allegations in Paragraph 29

purport to quote and describe the content of Maxum issued policy number BDG-3006584-02 ("the Policy"), the Policy itself is the best source of its full content and context. Subject to this limitation, the Defendant admits that the Policy in question may or may not contain the stated language, as no citation to the Policy is given in Plaintiff's complaint. Defendant denies the allegations in paragraph 29, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

30. Defendant denies the allegations in paragraph 30, and does not have to admit or deny said allegations to the extent they are a legal conclusion.

31. Defendant notes that to the extent the allegations in Paragraph 29 purport to quote and describe the content of Maxum issued policy number BDG-3006584-02 ("the Policy"), the Policy itself is the best source of its full content and context. Subject to this limitation, the Defendant admits that the Policy in question may or may not contain the stated language, as no citation to the Policy is given in Plaintiff's complaint. Defendant denies the allegations in paragraph 31, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

32. Defendant notes that to the extent the allegations in Paragraph 29 purport to quote and describe the content of Maxum issued policy number BDG-3006584-02 ("the Policy"), the Policy itself is the best source of its full content and context. Subject to this limitation, the Defendant admits that the Policy in question may or may not contain the stated language, as no citation to the Policy is given in

Plaintiff's complaint.  Defendant denies the allegations in paragraph 32, and do not have to admit or deny said allegations to the extent they are a legal conclusion.

33. Defendant notes that to the extent the allegations in Paragraph 33 purport to quote and describe the content of the Policy, the Policy itself if the best source of its full content and context.  To the extent the allegations in Paragraph 33 do not accurately represent the Policy's full content and context, Defendant denies the allegations.

34. Defendant admits summary of allegations set forth in paragraph 34 to the extent it references other pleadings in the underlying suit, which may be amended in said underlying suit.  To the extent the allegations in Paragraph 34 do not accurately represent the full content and context of the Petition, or to the extent the pleadings in the underlying suit may be amended, Defendant denies the allegations. Defendant denies Plaintiff's allegations pertaining to coverage in paragraph 34 as a conclusion of law.

35. Defendant denies Plaintiff's allegations in paragraph 35 as a conclusion of law.

36. Defendant notes that to the extent the allegations in Paragraph 36 purport to quote and describe the content of the Policy, the Policy itself if the best source of its full content and context.  To the extent the allegations in Paragraph 36 do not accurately represent the Policy's full content and context, Defendant denies

the allegations. Defendant denies Plaintiff's allegations in paragraph 36 as a conclusion of law.

37. Defendant notes that to the extent the allegations in Paragraph 37 purport to quote and describe the content of the Policy, the Policy itself if the best source of its full content and context. To the extent the allegations in Paragraph 36 do not accurately represent the Policy's full content and context, Defendant denies the allegations. Defendant denies Plaintiff's allegations in paragraph 37 as a conclusion of law.

38. Defendant notes that to the extent the allegations in Paragraph 38 purport to quote and describe the content of the Policy, the Policy itself if the best source of its full content and context. To the extent the allegations in Paragraph 38 do not accurately represent the Policy's full content and context, Defendant denies the allegations. Defendant denies Plaintiff's allegations in paragraph 37 as a conclusion of law.

39. Defendant denies Plaintiff's allegations in paragraph 39 as a conclusion of law.

40. No response required.

41. Defendant denies that Plaintiff is entitled to the declaration sought in paragraph 41.

42. Defendant denies that Plaintiff is entitled to the declaration sought in

paragraph 42.

43. Defendant joins in request for Jury trial.

44. Defendant denies that Plaintiff is entitled to any relief prayed for.

## B. DEFENDANT'S AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant alleges the following as separate affirmative defenses, reserving the right to add additional affirmative defenses should they become aware of such during the course of discovery:

1. Defendant asserts that Plaintiff may be estopped, or has waiving its right to seek, the declarations sought in its complaint;

2. Defendant hereby demands a jury trial in this cause.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant, JOSE MENDEZ, respectfully prays that upon a final hearing of the cause, that Plaintiff's requests for relief be denied, that all costs of court be taxed against Plaintiff, and for such other and further relief to which the Defendant may be entitled at law or in equity.

**SIGNED: AUGUST 23, 2018.**

> Respectfully submitted,
>
> **TRIMBLE & GRANT, PLLC**
> 902 Heights Boulevard
> Houston, Texas 77008

                      Telephone: (713) 863-8600
                      Facsimile: (713) 863-1161
                      ryan@texaslawspot.com

                      */s/Ryan M. Grant*
                      Ryan M. Grant
                      STATE BAR NO. 24055578

                      **ATTORNEYS FOR DEFENDANT JOSE MENDEZ**

**OF COUNSEL:**

Jesus G. Davila
State Bar No: 05455270
6611 North Main Street
Houston, Texas 77009
(713) 868-8044
(713) 868-9122

## CERTIFICATE OF SERVICE

     I certify that, on August 23, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                      */s/ Ryan M. Grant*
                      RYAN M. GRANT